UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

**07-22149**

**CIV-LENARD** [TORRES]

ALEX CERVANTES,

    Plaintiff,

vs.

BUSINESS REPRESENTATION
INTERNATIONAL, INC, and JOSEPH
C. LORENZO

    Defendants.

_____/

FILED by ___ D.C.
INTAKE

AUG 20 2007

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • FT. LAUD.

## COMPLAINT

Plaintiff, Alex Cervantes, ("Cervantes"), by and through his undersigned attorneys, hereby, files this, his Complaint against Defendants, Business Representation International, Inc., ("BRI"), and Joseph C. Lorenzo, ("Lorenzo"), (hereinafter collectively referred to as "Defendants"), and alleges as follows:

### INTRODUCTION

This is a proceeding for monetary damages to redress the deprivation of rights secured to Plaintiff by the minimum wage provisions of Sections 6 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, ("FLSA") and the Florida Minimum Wage Act, §448.110. Fla. Stat.

### JURISDICTION

1. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

## VENUE

2. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed within Miami-Dade County, Florida;

   b. Defendant, BRI, was and continues to be a corporation doing business within this judicial district; and

   c. Defendant, Lorenzo, is a resident of Miami-Dade County, Florida.

## PARTIES

3. At all times material hereto, Plaintiff, Cervantes, was and continues to be a resident of Miami-Dade County, Florida.

4. At all times material hereto, Defendant, BRI, was and continues to be a corporation organized under the laws of the State of Florida.

5. Further, at all times material hereto, Defendant, BRI, was and continues to be engaged in business in Miami-Dade County, Florida, at 815 NW 57th Avenue, Miami, Florida 33126

6. At all times material hereto, Defendant, BRI, was and continues to be an "employer" within the meaning of the FLSA.

7. At all times material hereto, Defendant, Lorenzo, was and continues to be an "employer" within the meaning of the FLSA.

8. At all times material hereto, Plaintiff, Cervantes, was an "employee" of Defendants within the meaning of the FLSA.

6. At all times material hereto, Defendants were the employer or former employer of Plaintiff, Cervantes.

7. At all times material hereto, Defendant, BRI, was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

8. At all times material hereto, Defendant, BRI, was and continues to be an "enterprise engaged in commerce" within the meaning of the Florida Minimum Wage Act as interpreted by the FLSA.

9. At all times material hereto, the work performed by Plaintiff, Cervantes, was directly essential to the business performed by Defendants.

10. At all times material hereto, Plaintiff, Cervantes, was "engaged in commerce" within the meaning of 29 U.S.C. §§ 206(a) of the FLSA.

## STATEMENT OF FACTS

11. On or about July, 2004, Plaintiff, Cervantes, was hired by Defendants as a skycap.

12. Defendants promised to pay Plaintiff, Cervantes, a wage of Ten Dollars ($10.00) per hour, which they failed to pay.

13. Defendants also promised to pay Plaintiff, Cervantes, an additional fifty cents ($0.50) per bag he handled, which they failed to pay.

14. Rather, From January 1, 2005, to December 2006, Plaintiff, Cervantes, was paid an hourly wage of Three and 35/100 Dollars ($3.35) per hour for his services.

15. Plaintiff, Cervantes, worked Thirty (30) hours per week, but received only Ninety Dollars ($90.00) per week.

16. At all times material hereto, Plaintiff was treated as a "tipped employee" within the meaning of 29 U.S.C. §§ 203(m), (t). However, at no time did the Defendants properly utilize the tip credit for all of its purported tipped employees as that term is defined in 29 U.S.C. § 203(m).

Further, the work performed by Plaintiff was not the type of work not characteristically performed by tipped employees.

17. Defendants further failed to provide Plaintiff, Cervantes, of the requisite notice requirement under 29 U.S.C. § 203(m) of its intent to take a tip credit toward the employer's minimum wage obligation.

18. Defendants' failure to pay Plaintiff, Cervantes, by the minimum standard hourly rate of $ 5.15 per hour from January 1, 2005 through December 2006 as mandated by section 6 of the FLSA violates the FLSA.

19. Defendants' failure to pay Plaintiff, Cervantes, by the minimum standard hourly rate of $ 6.15 per hour from January 1, 2005 through December 31, 2005 and $6.40 per hour January 1, 2006 through December 2006 as mandated by section 6 of the FLSA violates the Florida Minimum Wage Act.

20. Upon information and belief, Plaintiff, Cervantes, is entitled to unpaid minimum wages in the amount of $8,385 plus an equal amount in liquidated damages totaling $16,770, under the FLSA calculated as follows:

   a. 3,900 hours (30 hours per week for 130 weeks: July 2004 – December 2006) x $5.15 = $20,085

   b. $20,085 - $11,700 (amount Plaintiff, Cervantes, was paid) = $8,385

   c. $8,385 x 2 = $16,770

21. Upon information and belief, Plaintiff, Cervantes, is entitled to unpaid minimum wages in the amount of $10,218 plus an equal amount in liquidated damages totaling $ 20,436, under the Florida Minimum Wage Act, calculated as follows:

   a. 1,560 hours (30 hours per week for 52 weeks: January 1, 2005-December 31,

    2005) x $6.15 = $9,594;

 b. $ 9,594 – $ 4,680 (amount Plaintiff, Cervantes, was paid) = $ 4,914;

 c. 1,560 hours (30 hours per week for 52 weeks: January 1, 2006- December 31, 2006) x $6.40 = $9,984

 d. $9,984 - $4,680 (amount Plaintiff, Cervantes, was paid) = $ 5,304.

 e. $4,914 (amount owed for 2005) + $5,304 (amount owed for 2006) = $10,218

 f. $10,218 x 2 = $20,436.

26. Defendants violated Title 29 U.S.C. § 206 and § 448.110, Fla. Stat., in that Plaintiff, Cervantes, was not paid the minimum hourly wage as mandated by the FLSA and the Florida Minimum Wage Act.

27. At all times material hereto Defendants' acts and/or omission giving rise to this action were not in good faith and at no time did Defendants have reasonable grounds for believing that its acts and/or omissions were not a violation of the FLSA of the Florida Minimum Wage Act.

28. Plaintiff has retained the Law Firm of ROTHSTEIN ROSENFELDT ADLER, to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I - VIOLATION OF MINIMUM WAGE STATUTE
### 29 U.S.C. § 206

Plaintiff realleges and reavers paragraphs 1 through 28 of this Complaint as if fully set forth herein.

29. Plaintiff, Cervantes, was and is entitled to be paid at the rate of not less than $ 5.15 per hour for the regular hours that he worked for Defendants. Instead, his compensation was $3.35 per hour from July 2004 through December 2006 plus tips he received from customers.

30. Defendants' actions were willful, therein allowing for liquidated damages.

31. Upon information and belief, Plaintiff is owed approximately $8,385 in unpaid minimum wages and an equal amount as liquidated damages.

32. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff, Cervantes, respectfully requests that judgment be entered in his favor against Defendants, Business Representation International, Inc. and Joseph C. Lorenzo:

   a. Declaring, pursuant to 28 U.S.C. §§ 2201 and 2202, that the acts and practices complained of herein are in violation of the minimum wage provisions of the FLSA;

   b. Awarding Plaintiff compensation in the approximate amount of $ $8,385 due him for the approximately 3,900 hours he worked for Defendants minus the amount he was paid, but which Defendant did not compensate him at the statutory minimum wage of $ 5.15 per hour for 2004 – 2006.

   c. Awarding Plaintiff liquidated damages in the amount of $16,770;

   d. Awarding Plaintiff reasonable attorney's fees, costs, and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

   e. Awarding Plaintiff post judgment interest; and

   f. Ordering any other and further relief that this court may deem just and proper.

## COUNT II - VIOLATION OF FLORIDA MINIMUM WAGE ACT
### §448.110, Fla. Stat.

Plaintiff realleges and reavers paragraphs 1 through 28 of this Complaint as if fully set forth herein.

33. Plaintiff, Cervantes, was and is entitled to be paid at the rate of not less than $ 6.15 per hour for the regular hours that he worked for the Defendants from January 2005 – December 2005. Instead, his compensation was $3.35 per hour and tips he received from customers.

34. Plaintiff, Cervantes, was and is entitled to be paid at the rate of not less than $ 6.40 per hour for the regular hours that he worked for the Defendants from January 2006 – December 2006. Instead, his compensation was $3.35 per hour and tips he received from customers.

35. Defendants actions were willful, therein allowing for liquidated damages.

36. Upon information and belief, Plaintiff is owed approximately $10,218 in unpaid minimum wages and an equal amount as liquidated damages.

37. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff, Cervantes, respectfully requests that judgment be entered in his favor against Defendants, Business Representation International, Inc. and Joseph C. Lorenzo:

    g. Declaring, pursuant to §448.110, that the acts and practices complained of herein are in violation of the Florida Minimum Wage Act;

    h. Awarding Plaintiff compensation in the approximate amount of $10,218 due him for the approximately 3,120 hours he worked for Defendants minus the amount that he was paid, but which Defendant did not compensate him at the statutory minimum wage of $6.15 and $6.40 per hour respectively;

i.  Awarding Plaintiff liquidated damages in the amount of $10,218;

j.  Awarding Plaintiff reasonable attorney's fees, costs, and expenses of this litigation pursuant to §448.104, Fla. Stat.;

k.  Awarding Plaintiff post judgment interest; and

l.  Ordering any other and further relief that this court may deem just and proper.

**DATED**: August 15, 2007

Respectfully submitted,

ROTHSTEIN ROSENFELDT ADLER
**Attorneys for Plaintiff**
Las Olas City Centre, Suite 1650
401 East Las Olas Blvd.
Ft. Lauderdale, FL 33301
TEL: (954) 522-3456
FAX: (954) 527-8663

By: _____
Michael A. Pancier, Esq.
Fla. Bar No. 958484

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I(a) PLAINTIFF**
ALEX CERVANTES

**DEFENDANTS**
BUSINESS REPRESENTATION INTERNATIONAL, INC., and JOSEPH C. LORENZO

**CIV - LENARD**

FILED by ___ D.C. INTAKE  AUG 20 2007  CLARENCE MADDOX CLERK U.S. DIST. CT. S.D. OF FLA. - FT. LAUD.

07-22149

/TORRES

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)
MIAMI-DADE COUNTY

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED
MIAMI-DADE COUNTY

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
ROTHSTEIN ROSENFELDT ADLER - 401 East Las Olas Blvd. Ste. 1650, Fort Lauderdale, FL 33301; Tel: 954-522-3456; Fax: 954-527-8663

**ATTORNEYS (IF KNOWN)**
1:07CV 22149-Lenard-Torres

**(d) CIRCLE COUNTY WHERE ACTION AROSE:** DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporation and Principal Place of Business in This State | ☐ 1 | ☐ 1 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporation and Principal Place of Business in Another State | ☐ 2 | ☒ 2 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 3 | ☐ 3 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.) FAILURE TO PAY MINIMUM WAGE; violation of 29 USC s. 206

**IVa.** __3__ days estimated (for both sides) to try entire case

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane ☐ 362 Pers. Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability ☐ 365 Personal Injury-Prod. Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander ☐ 368 Asbestos Personnel Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (excl Veterans) B | ☐ 345 Marine Product Liability ☐ 371 Truth in Lending B | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle ☐ 380 Other Personnel Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities /Commodities /Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability ☐ 385 Property Damage Product Liability | **A LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☒ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor Management Reporting & Disclosure Act | **A FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment ☐ 530 General* | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 871 IRS-Third Party 26b USC 7609 | ☐ 900 Appeal of Fee Determination under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare ☐ 540 Mandamus & Other* | ☐ 791 Employee Ret. Inc. Security Act B | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights ☐ 550 Civil Rights *A or B | | | ☐ 890 Other Statutory Actions* *A or B |
| ☐ 290 All Other Real Property | | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
☒ 1. Original Proceeding  ☐ 2 Removed from State Court  ☐ 3. Remanded from Appellate Court  ☐ 4. Refiled  ☐ 5. Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT**
CHECK IF THIS IS A ☐ UNDER F.R.C.P. 23
CLASS ACTION Yes
DEMAND $ N/A
☐ Check YES only if demanded in complaint
JURY DEMAND: ☐ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE _____ DOCKET NUMBER _____

DATE August 13, 2007  SIGNATURE OF ATTORNEY OF RECORD
Michael A. Pancier

UNITED STATES DISTRICT COURT

FOR OFFICE USE ONLY: Receipt No. _____  Amount: 350⁰⁰
Date Paid: _____  M/ifp: _____

340762

S/F 1-2
REV. 9/94

FTL/LJNP/266449/5pld01!.DOC/8/13/07/26094.010400